IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERNESTO GALARZA, | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 10-_____ |
| MARK SZALCZYK, STEPHANIE FRITZGES, ICE DOES 1-5, ALLENTOWN DOES 6-10, LEHIGH COUNTY DOES 11-15, individually and in their official capacities; CITY OF ALLENTOWN; LEHIGH COUNTY; | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

### PRELIMINARY STATEMENT

1. Plaintiff Ernesto Galarza is a United States citizen who was born in New Jersey. Local and federal officials nonetheless collaborated to imprison him at the Lehigh County Prison for three days based on the groundless belief that he might be an undocumented and deportable "alien." Plaintiff brings this action under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, the Civil Rights Act of 1964 and the authority of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this Complaint under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and 28 U.S.C. § 1331 (federal question) and § 1343 (civil rights).

3. Venue is proper in this District under 28 U.S.C. § 1402(b) because the acts at issue in this lawsuit occurred within the District.

## PARTIES

4. Thirty-six-year-old Plaintiff Ernesto Galarza is and was at all times relevant to this Complaint a resident of Allentown, Pennsylvania.

<u>U.S. Defendants</u>

5. Defendant Mark Szalczyk was at all times relevant to this Complaint a Deportation Officer employed by United States Immigration and Customs Enforcement ("ICE"). He is sued in his individual capacity.

6. Defendant Stephanie Fritzges was at all times relevant to this Complaint an ICE Special Agent in the Philadelphia Field Office. She also maintained an office in the Allentown Police Department. She is sued in her individual capacity.

7. Defendants "ICE Does 1-5" are individuals whose identities are not currently known to Plaintiff. Upon information and belief, they were at all relevant times agents, employees, officers or otherwise representatives of ICE.

8. At all times relevant to this Complaint, Defendants Szalczyk, Fritzges and ICE Does 1-5 were acting within the scope and course of their employment with ICE, an executive agency of the United States.

<u>Allentown Defendants</u>

9. Defendant City of Allentown is a political subdivision of the Commonwealth of Pennsylvania that can sue and be sued in its own name. Defendant City of Allentown includes, operates and is responsible for the Allentown Police Department.

10. Defendants "Allentown Does 6-10" are individuals whose identities are not currently known to Plaintiff. Upon information and belief, they were at all relevant times agents, employees, officers or otherwise representatives of the Allentown Police Department, and as such were operating under color of state law.

11. At all times relevant to this Complaint, Defendants Allentown Does 6-10, were acting within the scope and course of their employment with the Allentown Police Department.

<u>Lehigh County Defendants</u>

12. Defendant Lehigh County is a political subdivision of the Commonwealth of Pennsylvania that can sue and be sued in its own name. Defendant Lehigh County includes, operates and is responsible for the Lehigh County Prison.

13. Defendants "Lehigh County Does 11-15" are individuals whose identities are not currently known to Plaintiff. Upon information and belief, they were at all relevant times agents, employees, officers or otherwise representatives of Lehigh County, and as such were operating under color of state law.

14. At all times relevant to this Complaint, Defendants Lehigh County Does 11-15, were acting within the scope and course of their employment with Lehigh County.

## FACTUAL ALLEGATIONS

### The Allentown Police Department and ICE Regularly Collaborate to Imprison Criminal Arrestees for Immigration Purposes.

15. Since at least 2006, the Allentown Police Department and ICE have engaged in a joint venture to imprison individuals suspected of being "aliens" subject to deportation. Exhibit A.

16. Under this collaboration, Allentown police "actively work[] with ICE to identify criminal aliens who have committed criminal offenses within the borders of the City of Allentown and to take appropriate steps for deportation where warranted." Id.

17. The collaboration also includes Allentown police conducting "periodic operations," which the police also term "round ups," to apprehend undocumented immigrants who have committed crimes. Id. In 2006, for instance, Allentown police worked with ICE to apprehend 120 people. Id.

18. In furtherance of this joint venture, Defendant Fritzges maintained an office in the Allentown Police Department, reviewed Allentown police arrests and attempted to identify arrestees whose immigration status renders them subject to deportation. Id.

19. Aggressive pursuit of criminal alien detention, carried out through the ongoing collaboration between officers of the Allentown Police Department, Allentown Does 6-10 and ICE officers, including Fritzges and ICE Does 1-5, led to Plaintiff's imprisonment on a false immigration detainer.

### Although Detainers May Only Be Issued in Accordance with the Fourth Amendment, ICE Officers Regularly Issue Erroneous Detainers against County Inmates in Pennsylvania.

20. ICE officials must be aware that improper detainers have frequently been issued at Lehigh County Prison, where many Allentown Police Department arrestees are jailed, as ICE officials have issued and then cancelled many immigration detainers previously lodged against Lehigh County Prison inmates and inmates detained in other nearby county prisons and jails.

21. Furthermore, since at least November 6, 2008, ICE officers were put on official notice of the agency's "ongoing concerns" about the imperative to ensure that U.S. Citizens are not falsely detained on immigration detainers. On that date, then-Director of ICE's Detention

and Removal Operations, James T. Hayes, issued a memorandum to ICE Field Office Directors cautioning that, prior to making an arrest, ICE officers must have probable cause that the individual to be arrested is an "alien" subject to removal from the United States. James T. Hayes, *Superseding Guidance on Reporting and Investigating Claims to United States Citizenship*, at 1 (Nov. 6, 2008).

### Defendants Imprisoned Plaintiff, a United States Citizen, for Immigration Purposes.

22. Plaintiff Ernesto Galarza was born in Perth Amboy, New Jersey on September 20, 1974.

23. Plaintiff is and always has been a United States Citizen.

24. Plaintiff is a Hispanic man of Puerto Rican heritage.

25. Plaintiff speaks both English and Spanish.

26. On Thursday, November 20, 2008, Plaintiff was performing construction work on a house near 6th and Monroe Streets in Allentown.

27. Unbeknownst to Plaintiff, the contractor directing the construction, Juan Santilme, was selling cocaine.

28. At approximately 2:30 p.m., after Santilme sold cocaine to an undercover police officer, numerous Allentown police arrived at 6th and Monroe Streets and arrested Plaintiff.

29. Plaintiff was charged with conspiring with Santilme and two other arrestees, Joel Cruz and Luis Aponte-Maldonado, to deliver cocaine in violation of Pennsylvania law.

30. Juan Santilme, Luis Aponte-Maldonado and Joel Cruz are Hispanic.

31. Juan Santilme is a citizen of the Dominican Republic.

32. On information and belief, Luis Aponte-Maldonado is a citizen of the Dominican Republic.

33. On information and belief, Joel Cruz is a citizen of Peru.

34. Upon his arrest, Plaintiff was taken to the Allentown Police Department and held in a cell separate from the other three arrestees.

35. The Criminal Complaint, dated November 20, 2008 and verified on penalty of perjury by Allentown Police Department Detective Christie Correa, correctly listed Plaintiff's place of birth as Perth Amboy, date of birth as September 20, 1974, and Social Security Number.

36. At the time of arrest, Plaintiff carried his wallet, which contained the following:

    a) Plaintiff's Pennsylvania Driver's License

    b) Plaintiff's Social Security Card

    c) Plaintiff's Debit Card

    d) Plaintiff's Health Insurance Card.

37. At some point on the day of Plaintiff's arrest, Magisterial District Judge Karen C. Devine set his bail at $15,000.

38. After nightfall, Plaintiff was transported to Lehigh County Prison in Allentown.

39. In the early morning hours of Friday, November 21, 2008, Plaintiff underwent the prison admissions process.

40. During the prison admissions process, all new inmates are asked to report their place of birth. If a birthplace outside the United States is reported, Lehigh County Prison staff complete and fax a special form to ICE.

41. During his admissions processing, Plaintiff told prison officials that he was born in New Jersey.

42. Understanding that Mr. Galarza is an American citizen, Lehigh County Prison staff never faxed to ICE a special form regarding Plaintiff.

43. During the prison admissions process, Plaintiff was fingerprinted.

44. Lehigh County Prison officials stored Plaintiff's wallet.

45. At some point that morning, a Lehigh County Prison Records Office clerk faxed a list of new commitments to ICE. The listing would have included only Plaintiff's name, date of birth and gender.

46. On or about Friday, November 21, 2008, defendant Deportation Officer Mark Szalczyk prepared an Immigration Detainer – Notice of Action (Form I-247) directing prison staff not to release Plaintiff. Exhibit B.

47. The detainer was faxed to Lehigh County Prison on Friday, November 21, 2008.

48. The immigration detainer falsely described Plaintiff as an "alien" and falsely listed his nationality as "Dominican Republic." Exhibit B.

49. The immigration detainer correctly listed Plaintiff's birth date. Id.

50. The immigration detainer failed to list an Alien Registration Number or File Number for Plaintiff. Instead it read: "TBD." Id.

51. The immigration detainer also read, in part:

> Investigation has been initiated to determine whether this person is subject to removal/deportation from the United States . . . . Federal regulations (8 C.F.R. 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays and Federal holidays) to provide adequate time for ICE to assume custody of the alien.

Id.

52. On Friday, November 21, 2008, a surety company posted bail for plaintiff.

53. Plaintiff learned that bail had been posted when, on Friday, November 21, 2008, a Lehigh County Prison correctional officer told him that his bail had been posted and that he should prepare to leave the facility.

54. Shortly after Plaintiff was told of his imminent release, the same correctional officer told him that a detainer was preventing his release.

55. When Plaintiff protested to the correctional officer that there should be no detainer preventing his release, the officer told him that he would have to wait through the entire weekend until he could speak with a counselor on Monday, November 24, 2008.

56. Solely because of the immigration detainer, Lehigh County Prison officials did not release Plaintiff on Friday, November 21, 2008, after his bail was posted.

57. Prior to issuance of the detainer, Plaintiff had neither been interviewed by any ICE official nor provided with a copy of the detainer.

58. Consequently, Plaintiff did not, until Monday, November 24, 2008 learn that the detainer had been issued for immigration purposes.

59. Plaintiff remained jailed at Lehigh County Prison until Monday night, November 24, 2008.

60. After breakfast on Monday, November 24, 2008, a Lehigh County Prison counselor told Plaintiff for the first time that the detainer holding him was an immigration detainer that had been placed by ICE.

61. Plaintiff immediately protested that he is a United States citizen and that there was no basis to hold him on an immigration detainer.

62. Plaintiff urged the counselor to collect his wallet from the property room and look at his Social Security Card and Pennsylvania Driver's License. The counselor refused.

63. Shortly thereafter, two ICE officers met with Plaintiff at the Lehigh County Prison.

64.     These ICE officers questioned Plaintiff extensively about his statement that he had been born in New Jersey.

65.     Plaintiff gave them his Social Security Number and date of birth.

66.     The ICE officers left and returned shortly thereafter. Upon their return, they informed Plaintiff that the detainer was being lifted.

67.     The detainer was in fact lifted at 2:05 p.m. on Monday, November 24, 2008.

68.     Plaintiff was released from Lehigh County Prison at 8:28 p.m. on Monday, November 24, 2008.

69.     The detainer caused Plaintiff to be detained unnecessarily and unconstitutionally for approximately three days.

70.     As a result of this imprisonment, Plaintiff lost a part-time job, lost wages from both his full and part time jobs, and suffered emotional distress and physical problems.

71.     On April 12, 2010, a jury acquitted Plaintiff of the crime for which he had been arrested on November 20, 2008.

### Plaintiff's Imprisonment Pursuant to an ICE Detainer Was Unlawful and Based on His Ethnicity.

72.     Notwithstanding the easily verifiable fact of Plaintiff's citizenship, on November 21, 2008, Defendants Szalczyk, Fritzges, ICE Does 1-5 and Allentown Does 6-11 unlawfully caused an immigration detainer to be lodged against Plaintiff.

73.     Because the detainer was intended to cause and did cause Plaintiff's continued imprisonment, it could not lawfully be issued on less than probable cause that Plaintiff was an alien subject to detention and removal from the United States.

74.     There was no such cause for issuance of an immigration detainer against Plaintiff. The issuance of the immigration detainer against Plaintiff was instead based on Plaintiff's ethnicity.

### Although ICE Represented to Lehigh County Prison that Plaintiff's Detention Was Mandatory, Prison Officials Have No Authority to Imprison, on Less than Probable Cause, Individuals Who Have Met Bail Requirements.

75.     Plaintiff's detainer states that "federal regulations *require* that you detain the alien." Exhibit B (emphasis added). ICE officials regularly issue detainers that claim to *require* detention.

76.     In reality, an immigration detainer is merely a "request," not a legally-enforceable command, to hold an alien subject to removal for up to 48 hours (excluding weekends and holidays). 8 C.F.R. § 287.7(a).

77.     The detainer prevented Plaintiff's release on bail.

78.     ICE Defendants intended and expected the detainer to prevent Plaintiff's release.

79.     The detainer does not purport to have been issued upon probable cause. Instead, it indicated that "[i]nvestigation has been initiated to determine whether [Plaintiff] is subject to removal/deportation from the United States."

80.     Consequently, prison officials agreed to imprison Plaintiff on less than probable cause and disregarded evidence close at hand – Plaintiff's Social Security card, Pennsylvania driver's license and statements that he was born in New Jersey – all of which indicated that Plaintiff is a United States citizen.

81.     Were it not for Plaintiff's ethnicity, prison officials would not have imprisoned him as an "alien," specifically as a "Dominican," in the face of such strong evidence indicating that he is a United States citizen.

### Defendants' Actions Unlawfully Harmed Plaintiff.

82. As a direct and proximate result of the conduct of Defendants Szalczyk, Fritzges, ICE Does 1-5, Allentown Does 6-10 and Lehigh County Does 11-15, Plaintiff suffered substantial damages, including physical pain and suffering, emotional distress and harm, embarrassment, lost wages and employment, other financial losses, and lost liberty.

83. Defendants' actions deprived Plaintiff of his liberty and thus amounted to a seizure of his person.

84. Defendants' actions were arbitrary and capricious and had no legitimate or rational basis.

85. Defendants' actions were based on Plaintiff's ethnicity.

86. Defendants' actions failed to provide Plaintiff with due process of law.

87. At all times relevant to this Complaint, the conduct of Defendants was in willful, reckless and callous disregard of Plaintiff's rights under federal law.

88. At all times relevant to this Complaint, Defendants acted jointly and in concert and conspiracy to violate Plaintiff's rights under federal law.

## CAUSES OF ACTION

### Count I
### Fourth Amendment (*Bivens*)
### (Unreasonable Seizure)
### Plaintiff v. Defendants Szalczyk, Fritzges, ICE Does 1-5 and Allentown Does 6-10

89. Plaintiff incorporates by reference the allegations in the paragraphs above as though fully set forth here.

90. The issuance of the detainer against Plaintiff occurred without probable cause to believe that he was an "alien" subject to detention and removal. That issuance constituted an unreasonable seizure in violation of Plaintiff's rights under the Fourth Amendment. The actions

11

of Szalczyk, Fritzges and ICE Does 1-5 [the federal defendants] jointly perpetrated this violation of Plaintiff's rights.

91. On information and belief, the issuance of the detainer was part of a joint endeavor by the federal defendants and Allentown Does 6-10.

92. Plaintiff seeks compensatory and punitive damages against Defendants Szalczyk, Fritzges, ICE Does 1-5, and Allentown Does 6-10 for violation of his right to be free from unlawful seizure.

## Count II
### Fifth Amendment (*Bivens*)
### (Equal Protection)
**Plaintiff v. Defendants Szalczyk, Fritzges, ICE Does 1-5, Allentown Does 6-10**

93. Plaintiff incorporates by reference the allegations in the paragraphs above as though fully set forth here.

94. Issuance of an immigration detainer against Plaintiff based on his Hispanic ethnicity violated his right to be free from discrimination on the basis of ethnicity under the equal protection clause of the Fifth Amendment.

95. The actions of Szalczyk, Fritzges and ICE Does 1-5 [the federal defendants] jointly perpetrated this violation of Plaintiff's rights.

96. On information and belief, the issuance of the detainer was part of a joint endeavor by the federal defendants and Allentown Does 6-10.

97. Plaintiff seeks compensatory and punitive damages against Defendants Szalczyk, Fritzges, ICE Does 1-5 and Allentown Does 6-10 for violation of his right to be free from discrimination on the basis of ethnicity.

## Count III
### Fifth Amendment and 8 C.F.R. § 1357 (*Bivens*)
### (Due Process)

**Plaintiff v. Defendants Szalczyk, Fritzges and ICE Does 1-5**

98. Plaintiff incorporates by reference the allegations in the paragraphs above as though fully set forth here.

99. A federal agency's failure to follow its own governing statutes and regulations violates due process of law guaranteed by the Fifth Amendment of the United States Constitution.

100. Specifically, Defendants Szalczyk, Fritzges and ICE Does 1-5 violated the Fifth Amendment by acting in the following ways:

   a) Violating the terms of 8 U.S.C. § 1357, as interpreted by the courts, by issuing detainers on less than probable cause;

   b) Misrepresenting immigration detainers as orders for mandatory detention contrary to 8 C.F.R. § 287.7(a);

   b) Causing Plaintiff to be detained for three days without affording notice of the charges and an opportunity to respond.

101. Plaintiff seeks compensatory and punitive damages against Defendants Szalczyk, Fritzges and ICE Does 1-5 for violation of his right to due process by imprisoning him on the basis of an immigration detainer issued without probable cause that he is an "alien" subject to detention and removal, causing him to be detained for three days without affording notice of the charges and an opportunity to respond, and misrepresenting his immigration detainer to prison officials as a mandatory order for imprisonment.

**Count IV**
**Fourteenth Amendment (42 U.S.C. § 1983)**
**(Equal Protection)**
**Plaintiff v. Defendants Allentown Police Department, Szalczyk, Fritzges, ICE Does 1-5, Allentown Does 6-10**

102. Plaintiff incorporates by reference the allegations in the paragraphs above as though fully set forth here.

103. The issuance of an immigration detainer against Plaintiff was based on Plaintiff's Hispanic ethnicity.

104. Treating Plaintiff as presumptively subject to detention and removal as an "alien" on the basis of his Hispanic identity violated his rights under the the equal protection clause of the Fourteenth Amendment.

105. On information and belief, Defendants Allentown Does 6-10 treated Plaintiff as an "alien" subject to detention and removal on the basis of his ethnic identity. Such treatment violated his rights under the Equal Protection Clause of the Fourteenth Amendment, and led to the illegal issuance of the detainer against him.

106. On information and belief, this treatment resulted from the custom, policy, and/or deliberate indifference of the relevant policy making officials of the City of Allentown

107. On information and belief, the issuance of the detainer against Plaintiff was part of a joint endeavor by federal defendants (Szalczyk, Fritges and ICE Does 1-5), the City of Allentown and Allentown Does 6-10. Plaintiff seeks compensatory damages against Defendant City of Allentown and compensatory and punitive damages against the federal defendants and Allentown Does 6-10 under Section 1983 for deprivation under color of state law of his violation of his right to be free from discrimination on the basis of ethnicity.

**Count V**
**Fourth and Fourteenth Amendments (42 U.S.C. § 1983)**
**(Unreasonable Seizure)**
**Plaintiff v. Defendants Lehigh County, Lehigh County Does 11-15, City of Allentown, Allentown Does 6-10, Szalczyk, Fritzges, ICE Does 1-5**

108.   Plaintiff incorporates by reference the allegations in the paragraphs above as though fully set forth here.

109.   The imprisonment of Plaintiff pursuant to an immigration detainer, issued on less than probable cause and in spite of ample evidence of Plaintiff's United States citizenship, constituted an unreasonable seizure and deprivation of liberty in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments. The actions of Defendants Lehigh County and Lehigh County Does 11-15 [the Lehigh County defendants] jointly perpetrated this violation of Plaintiff's rights.

110.   On information and belief, imprisonment of Plaintiff pursuant to the false detainer was part of a joint endeavor by the Lehigh County defendants, the City of Allentown, Allentown Does 6-10, Szalczyk, Fritzges, and ICE Does 1-5.

111.   On information and belief, imprisonment of Plaintiff pursuant to the false detainer resulted from the custom, policy, and/or deliberate indifference of the relevant policy making officials of the City of Allentown and Lehigh County.

112.   Plaintiff seeks compensatory damages against Defendants Lehigh County and City of Allentown and compensatory and punitive damages against Defendants Lehigh County Does 10-15, Allentown Does 6-10, Szalczyk, Frtizges and ICE Does 1-5 for violation of his right to be free from unlawful seizure.

**Count VI**
**Fourteenth Amendment (42 U.S.C. § 1983)**
**(Due Process)**
**Plaintiff v. Defendants Lehigh County, Lehigh County Does 11-15, City of Allentown, Allentown Does 6-10, Szalczyk, Fritzges, ICE Does 1-5**

113.   Plaintiff incorporates by reference the allegations in the paragraphs above as though fully set forth here.

114.    The following practices of Defendants Lehigh County Department of Corrections and Lehigh County Does 11-15 violated Plaintiff's right to due process of law guaranteed by the Fourteenth Amendment of the United States Constitution:

a)    Imprisoning Plaintiff pursuant to a detainer issued on less than probable cause;

b)    Failing to give Plaintiff notice of and an opportunity to be heard regarding the grounds for the detainer before imprisoning Plaintiff pursuant to it.

115.    On information and belief, the imprisonment of Plaintiff on the basis of the false detainer without due process was part of a joint endeavor by the Lehigh County Defendants, the federal defendants, the City of Allentown and Allentown Does 6-10.

116.    On information and belief, this treatment resulted from the custom, policy, and/or deliberate indifference of the relevant policy making officials of the City of Allentown and Lehigh County.

117.    Plaintiff seeks compensatory damages against Defendants Lehigh County and City of Allentown and compensatory and punitive damages against Defendants Lehigh County Does 10-15, Allentown Does 6-10, Szalczyk, Frtizges and ICE Does 1-5 for violation of his right to due process.

**Count VII**
**Fourteenth Amendment (42 U.S.C. § 1983)**
**(Equal Protection)**
**Plaintiff v. Defendants Lehigh County, Lehigh County Does 11-15, Szalczyk, Fritzges, ICE Does 1-5**

118.    Plaintiff incorporates by reference the allegations in the paragraphs above as though fully set forth here.

119. In light of the significant evidence of Plaintiff's United States citizenship possessed by prison officials at the time they received the immigration detainer, Plaintiff's continued imprisonment on the basis of detainer, was based his Hispanic ethnicity.

120. Treating Plaintiff as presumptively subject to detention and removal as an "alien" on the basis of his Hispanic identity violated his rights under the equal protection clause of the Fourteenth Amendment.

121. On information and belief, Defendants Lehigh County Does 11-15 treated Plaintiff as an "alien" subject to detention and removal on the basis of his ethnic identity. Such treatment violated his rights under the Equal Protection Clause of the Fourteenth Amendment, and led to his three-day imprisonment on the basis of a false immigration detainer.

122. On information and belief, this treatment resulted from the custom, policy, and/or deliberate indifference of the relevant policy making officials of Lehigh County.

123. On information and belief, Plaintiff's ongoing imprisonment pursuant to a false immigration detainer was part of a joint endeavor by federal defendants (Szalczyk, Fritges and ICE Does 1-5), Lehigh County and Lehigh County Does 11-15. Plaintiff seeks compensatory damages against Defendant Lehigh County and compensatory and punitive damages against the federal defendants and Lehigh County Does 11-15 under Section 1983 for deprivation under color of state law of his violation of his right to be free from discrimination on the basis of ethnicity.

WHEREFORE, Plaintiff respectfully requests:

A. Compensatory damages as to Defendants City of Allentown, Lehigh County, Szalczyk, Fritzges, ICE Does 1-5, Allentown Does 6-10 and Lehigh County Does 11-15.

B.  Punitive damages against Defendants Szalczyk, Fritzges, ICE Does 1-5, Allentown Does 6-10 and Lehigh County Does 11-15.

C.  Reasonable attorneys' fees and costs;

D.  Such other and further relief as may appear just and appropriate.

Plaintiff hereby demands a jury trial as to all claims stated in this Complaint.

November 19, 2010                                 Respectfully submitted,

                                                  *Valerie Burch*
                                                  VALERIE BURCH (PA ID No. 92873)
                                                  ACLU Foundation of Pennsylvania
                                                  105 N. Front St., Suite 225
                                                  Harrisburg, PA 17101
                                                  Tel: (717) 232-5403
                                                  Fax: (717) 236-6895
                                                  VBurch@aclupa.org

                                                  /s/ *Witold J. Walczak*
                                                  WITOLD J. WALCZAK (PA ID No. 62976)
                                                  ACLU Foundation of Pennsylvania
                                                  313 Atwood Street
                                                  Pittsburgh, PA 15213
                                                  Tel: (412) 681-7736
                                                  VWalczak@aclupa.org

                                                  /s/ *M. M. Tack-Hooper*
                                                  M. M. TACK-HOOPER (PA ID No. 307828)
                                                  ACLU Foundation of Pennsylvania
                                                  P.O. Box 40008
                                                  Philadelphia, PA 19106
                                                  Tel: (215) 592-1513 x 116
                                                  Fax: (215) 592-1343
                                                  MTack-Hooper@aclupa.org

                                                  /s/ *Omar C. Jadwat*
                                                  OMAR C. JADWAT*
                                                  ACLU Foundation, Immigrant Rights' Project
                                                  125 Broad Street, 18th Floor

New York, New York 10004
Tel: (212) 549-2660
Fax: (212) 549-2654
OJadwat@aclu.org

*/s/ Cecillia D. Wang*
CECILLIA D. WANG*
ACLU Foundation, Immigrant Rights' Project
39 Drumm Street
San Francisco, CA 94111
Tel: (415) 343-0775
Fax: (415) 395-0950
CWang@aclu.org

*/s/ Seth F. Kreimer*
SETH F. KREIMER (PA ID No. 26102)
3400 Chestnut St.
Philadelphia, Pa. 19104
Tel: (215) 898-7447
Fax: (215) 573-2025
SKreimer@law.upenn.edu

*/s/ Jonathan Feinberg*
JONATHAN FEINBERG (PA I.D. No. 88227)
Kairys, Rudovsky, Messing, & Feinberg
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
Tel: (215) 925-4400
Fax: (215) 925-5365

* Applications for admission *pro hac vice* forthcoming.