IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERNESTO GALARZA, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 10-6815 |
| | : | |
| MARK SZALCZYK, ICE DOES 1-5, | : | |
| ALLENTOWN DOES 6-10, LEHIGH COUNTY | : | |
| DOES 11-15, Individually and in their Official | : | |
| Capacities, CITY OF ALLENTOWN, and | : | |
| LEHIGH COUNTY, | : | |
| Defendants. | : | |

Perkin, M.J.                                                                                    March 21, 2011

## MEMORANDUM

Presently before the Court is a Motion for Expedited Doe Discovery (Document No. 19) filed by the Plaintiff on January 26, 2011, the Response in Opposition (Document No. 27) filed on February 9, 2011, and Plaintiff's Reply (Document No. 28) filed on February 17, 2011. For the reasons that follow, the Motion will be granted.

## I.     BACKGROUND.

Plaintiff brings the instant action for compensatory and punitive damages for alleged violations of his Fourth, Fifth and Fourteenth Amendment rights. Plaintiff, a Hispanic United States citizen, alleges that he was unlawfully detained at the Lehigh County Prison on the basis of his race and ethnicity from Friday, November 21, 2008 until the evening of Monday, November 24, 2008 pursuant to an immigration detainer filed by the United States Immigration and Customs Enforcement ("ICE"). The Complaint asserts claims against Defendant Mark Szalczyk, an ICE Deportation Officer, unknown individuals believed to be ICE agents and referred to in the Complaint as "ICE Does 1-5," unknown individuals believed to be members of

the Allentown Police Department and referred to in the Complaint as "Allentown Does 1-6," the City of Allentown and Lehigh County.[1]

Counsel for Plaintiff informally sought assistance in identifying the various Doe defendants from attorneys from the City of Allentown, the Department of Homeland Security's Office of the Principal Legal Advisor, the Department of Justice's Office of Immigration Litigation ("DOJOIL") and the United States Attorney's Office for the Eastern District of Pennsylvania. On December 22, 2010, an attorney from DOJOIL responded, noting that her office only represented Defendant Szalczyk and not ICE itself. On January 12, 2011, Plaintiff's counsel responded, clarifying the request for information was related to the personal knowledge of Defendant Szalczyk rather than from ICE generally and enclosing requests for production of documents and interrogatories. On January 12, 2011, DOJOIL counsel declined Plaintiff's request for information. Plaintiff then filed the instant Motion.

## II. DISCUSSION.

Plaintiff seeks authorization to take limited, expedited discovery regarding the "true names and identities" of ICE Does 1-5, Allentown Does 6-10 and Lehigh County Does 11-15. He claims that pre-Complaint investigation allowed him to plead in good faith that the ICE Detainer was issued by Defendant Szalczyk and that Lehigh County officials had information that Plaintiff was a United States citizen and prison officials did not submit the special form typically used to notify ICE of the arrest of a non-citizen. Plaintiff claims that he is unable to ascertain the identities of the specific individuals at the Allentown Police Department and ICE

---

[1] Plaintiff had also named Stephanie Fritges, an ICE Special Agent in the Philadelphia Field Office, as a Defendant. Agent Fritzges was dismissed from this action on March 15, 2011.

offices who provided Defendant Szalczyk with the information about Plaintiff that Defendant Szalczyk relied upon in issuing an immigration detainer for Plaintiff. Plaintiff contends that he will be able to obtain information as to the true names and identities of Does 1 through 15 sufficient to permit him to pursue his civil rights action through a narrow deposition of Defendant Szalczyk and document requests to Defendant Szalczyk.

    A.    <u>Qualified Immunity</u>.

Defendant Szalczyk first contends that qualified immunity not only shields him from liability, but it also protects him from discovery – at least until the Court has resolved the issue of qualified immunity. Mem. Law in Supp. Mot. Dismiss & Opp'n Mot. Limited Disc., pp. 2, 18-19. Case law in this Circuit states otherwise. In <u>Alston v. Parker</u>, 363 F.3d 229, 232, 233 n.6 (3d Cir. 2004), the United States Court of Appeals for the Third Circuit recognized the importance of allowing plaintiffs to take limited initial discovery as to how each defendant violated plaintiff's rights before granting a motion to dismiss. Similarly, the Honorable Thomas N. O'Neill, Jr. in <u>Alasanni v. Walter</u>, No. CIV.A. 10-4491, 2011 WL 135018 (E.D. Pa. Jan. 14, 2011), denied an early motion for summary judgment on the basis of qualified immunity because Plaintiff had not had any opportunity to conduct discovery on the fact intensive question of whether an Assistant Chief Counsel for the Department of Homeland Security who had reviewed the contents of the plaintiff's "alien file" prior to an immigration hearing had acted reasonably. Judge O'Neill cited <u>Jean-Pierre v. Bureau of Prisons</u>, No. 09-266, 2010 WL 3852338, at *6 (W.D. Pa. July 30, 2010), for its finding that the defendant's motion for summary judgment on the basis of qualified immunity should be denied without prejudice to allow the plaintiff reasonable discovery. As Plaintiff notes, at least one other court has recognized the necessity of

permitting a plaintiff to take discovery on the identity of Doe defendants before dismissing plaintiff's claims. See Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592, 596-97 (1st Cir. 2011)(noting court should not grant named defendants' motions to dismiss without first allowing plaintiff discovery as to identities of unknown defendants where plaintiff could not identify precise wrongdoers through pre-filing investigation but adequately alleges facts demonstrating violation of plaintiff's rights.). Based on these cases, Plaintiff should be permitted to conduct reasonable discovery, including deposing Defendant Szalczyk, requesting documents from him and seeking other discovery from him to discern whether he acted reasonably.

      B.     Touhy Compliance.

In support of his immunity from compulsion to produce documents, Defendant Szalczyk next contends that Plaintiff fails to comply with the Touhy regulations which relate to "compliance with third-party subpoenas in litigation." Def.'s Resp., p. 23. Under 5 U.S.C. § 301, a government agency is authorized to promulgate internal housekeeping regulations granting the agency discretion and authority to govern its internal affairs. U.S. ex rel. Touhy v. Ragen, 340 U.S. 462 (1951). Plaintiff is correct in stating that the Touhy case stands for the narrow proposition that, pursuant to a "housekeeping" statute, 5 U.S.C. § 301, a federal agency may promulgate regulations withholding from agency subordinates (and reserving for the agency head) all discretion concerning the production of official records. Pl.'s Reply, p. 8 (citing Touhy, 340 U.S. at 469-70). Moreover, Plaintiff notes that the Touhy Court never addressed whether the regulation raised separation of powers concerns. Id. (citing id. at 468-69, id. at 472 (Frankfurter, J., concurring)).

Federal courts have recognized that neither the Housekeeping Statute nor Touhy

authorize a federal agency to withhold documents or testimony from a federal court in litigation in which the United States is a party. See Alexander v. F.B.I., 186 F.R.D. 66, 70 (D.D.C. 1998)(citing State of Louisiana v. Sparks, 978 F.2d 226, 234 (5th Cir. 1992) and Boron Oil Co. v. Downie, 873 F.2d 67 (4th Cir. 1989)). The majority of case law in this area deals with subpoenaed requests for information and depositions. ICE is not a party in this federal action and no subpoena has been served upon ICE; Defendant Szalczyk, is being sued regarding actions he allegedly took while in the course of his employment with ICE. As such, the information sought by Plaintiff is essentially within ICE's control. Plaintiff made requests for discovery upon Defendant Szalczyk pursuant to Federal Rules of Civil Procedure 26 and 34, which permits a party to serve upon any other party a discovery request, but Defendant Szalczyk contends that the ICE information is not within his possession, custody or control.

Plaintiff correctly notes that it does not appear that the United States Court of Appeals for the Third Circuit has considered the validity of Touhy regulations that seemingly conflict with the Federal Rules of Civil Procedure. Pl.'s Reply, p.9 n.10. The Department of Homeland Security ("DHS") regulations were enacted on January 27, 2003. Plaintiff cites In re Banker's Trust Co., 61 F.3d 465 (6th Cir. 1995), which involved Federal Reserve Board regulations and Robbins v. Wilkie, 289 F. Supp. 2d 1307 (D. Wyo. Nov. 2003), involving Department of Interior regulations in which those courts held that Touhy regulations did not bar courts from exercising authority under the Federal Rules of Civil Procedure to direct the defendants to sit for a deposition where the plaintiff made a good faith effort to comply with the regulations. Plaintiff has attempted to comply with the instant regulations and has filed, contemporaneously with the instant Motion, a Touhy request with ICE. Thus, Defendant

Szalczyk is not shielded from the Plaintiff's discovery requests and deposition.

**III.     CONCLUSION.**

Plaintiff's Motion for Expedited Doe Discovery will be granted because the Doe Defendants must be identified before this suit can progress further, and the applicable Touhy regulations shall not shield Defendant Szalczyk from responding to discovery requests. Thus, Defendant Szalczyk shall respond to Plaintiff's discovery requests and make himself available for deposition.

An Order follows.