**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ERNESTO GALARZA, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 10-6815 |
| | : | |
| MARK SZALCZYK, CITY OF ALLENTOWN, | : | |
| LEHIGH COUNTY, GREG MARINO and | : | |
| CHRISTIE CORREA, | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| ERNESTO GALARZA, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 11-4988 |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

Henry S. Perkin, M.J.                                              February 28th, 2012

**MEMORANDUM**

Presently before the Court is the Federal Defendants'[1] November 15, 2011 Letter Motion for Protective Order (Dkt. No. 81) filed February 23, 2012, and Plaintiff's Informal Response (Dkt. No. 82) filed February 23, 2012.  For the reasons that follow, the Motion for Protective Order will be denied.

**BACKGROUND.**

Plaintiff brings the instant action for compensatory and punitive damages for alleged violations of his Fourth, Fifth, and Fourteenth Amendment rights.  Plaintiff, a Hispanic United States citizen, alleges that he was unlawfully detained at the Lehigh County Prison on the basis

---

[1] The Federal Defendants are Mark Szalczyk, Greg Marino, and the United States of America.

of his race and ethnicity from Friday, November 21, 2008 until the evening of Monday, November 24, 2008 pursuant to an immigration detainer filed by the United States Immigration and Customs Enforcement Agency ("ICE").  The Amended Complaint asserts claims against Defendant Mark Szalczyk, Defendant Greg Marino, Defendant Christie Correa, the City of Allentown, and Lehigh County. Defendants Szalczyk and Marino are ICE Deportation Officers. Defendant Correa is a narcotics investigator with the Allentown Police Department. On August 3, 2011, Plaintiff brought a separate suit under the Federal Tort Claims Act ("FTCA") against the United States. The separate actions were consolidated on November 4, 2011. Dkt. No. 70.

Defendant Szalczyk filed a Motion to Dismiss on the grounds that he is protected from liability under the doctrine of qualified immunity. At that point in the litigation, Defendant Marino's identity was unknown to Plaintiff.  Plaintiff sought Expedited Doe Discovery, which this Court granted on March 21, 2011, issuing a Memorandum Opinion (Dkt. No. 38) and an Order (Dkt. No. 39).  Plaintiff subsequently determined the identities of all relevant parties and the parties stipulated that the March 21, 2011 order be vacated. Dkt. No. 43.  The March 21, 2011 Memorandum Opinion remained untouched by the parties on the theory that it might resolve other questions likely to arise during the course of discovery. *Id*. Defendant Marino filed a Motion to Dismiss on July 17, 2011, asserting a qualified immunity defense. Dkt. No. 62. Oral argument on the Motions to Dismiss was held by the Honorable James Knoll Gardner on December 15, 2011.  The Federal Defendants now seek an order protecting them from discovery until the Motions to Dismiss are decided by Judge Gardner.

## II. DISCUSSION.

As a preliminary matter, the findings in the March 21, 2011 Memorandum are no longer

relevant because the Memorandum allowed for discovery "to discern whether [Defendants] acted reasonably." Dkt. No. 38 at 4.  That decision is moot, as oral argument has been held regarding qualified immunity, and further discovery would not affect Judge Gardner's determination of the Motions to Dismiss.

The Federal Defendants contend that the doctrine of qualified immunity shields Defendants Szalczyk and Marino not only from liability but also from the burdens of litigation and that they should not be compelled to participate in discovery until the Motions to Dismiss are resolved.  The Federal Defendants further contend that the United States should also be protected from discovery.[2]  Plaintiff argues that his FTCA claims against the United States will survive the Motions to Dismiss. Because Defendants Szalczyk and Marino will be subject to discovery in the FTCA portion of the case, Plaintiff argues that there is no reason to further delay the discovery process.

The Federal Defendants' Letter Motion provides an excellent summary of the rationale underlying the qualified immunity defense:

> In the Supreme Court's landmark decision of *Harlow v. Fitzgerald*, the Court reaffirmed a principle that had existed since the common law - namely, that public officials are entitled to some form of immunity that protects them from, *inter alia,* "undue interference with their duties and from potentially disabling threats of liability." 457 U.S. 800, 806 (1982).  In *Harlow*, the Supreme Court acknowledged that qualified immunity is "an attempt to balance competing values" that weighs " the importance of a damages remedy to protect the rights of citizens" on one hand and "'the need to protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority'" on the other hand. *Id.* at 807 (citing and quoting *Butz v. Economous*, 438 U.S. 478, 504-06 (1978)).  The Supreme Court further observed that suits against government officials entail a cost to the officers and "to society as a

---

[2] This Memorandum solely concerns the Federal Defendants' request for protection from discovery.  It will not consider the substantive arguments put forth by Defendants Szalczyk and Marino in support of their claim of qualified immunity.

whole," in terms of "the expense of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office." *Harlow*, 457 U.S. at 815 [footnote omitted].  Accordingly, the Court instructed that, "[u]ntil th[e] threshold immunity question is resolved, *discovery should not be allowed*." *Id*. at 818 (emphasis added).

Defs.' Mot, p. 4**.**  Further, the Federal Defendants correctly identify numerous cases where the Supreme Court has consistently held that a qualified immunity defense should be resolved "at the earliest possible stage of litigation" to avoid undue burdens of litigation. *Id*. (citing *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (per curiam); *Crawford-El v. Britton*, 523 U.S. 574 (1998); *Mitchell v. Forsyth*, 472 U.S. 511 (1985); *Behrens v. Pelletier*, 516 U.S. 299 (1996); *Saucier v. Katz*, 533 U.S. 194 (2001); *Anderson v. Creighton*, 483 U.S. 635 (1987)).

The Federal Defendants contend that "this court *must* prohibit discovery from the United States at this time as well, to preserve Defendant Szalczyk's and Defendant Marino's qualified immunity claims, and to avoid running afoul of the important purposes that qualified immunity serves." Defs.' Mot, p. 7 (emphasis added).  This position relies largely on a misreading of *Ashcroft v. Iqbal*,  556 U.S. 662, 129 S.Ct. 1937 (2009).  In their Motion, the Federal Defendants cite *Iqbal* in support of their claim that "the effects of discovery on persons and entities who have *not* asserted qualified immunity can have . . . profound effects on officials who *have* claimed qualified immunity" and thus should be foreclosed. Defs*.*' Mot, at 7.  In a notably similar case, the District Court for the Western District of Pennsylvania observed that "The Supreme Court in *Iqbal* did not hold . . . that this court no longer has discretion to determine whether it is proper to stay all discovery as to all claims pending the resolution of a motion to dismiss based upon qualified immunity." *Seeds of Peace Collective v. City of Pittsburgh*, No. 09-1275, 2010 WL 2990734, at *2 (W.D. Pa. July 28, 2010)(citing *Iqbal* 129 S.Ct. at 1953).  Rather, the *Seeds of*

*Peace* court held that the Supreme Court is clear that the *Iqbal* holding rests on the insufficiency of the pleadings.[3] *Id.*

Under *Crawford-El*, the trial court retains broad discretion in shaping discovery in order to protect against undue burdens of litigation. 523 U.S. 574 at 599.  Because the FTCA case against the United States will continue regardless of the outcome of Defendant Szalczyk's and Defendant Marino's Motions to Dismiss, there is little risk of **undue** burden upon Defendants Szalczyk and Marino in allowing discovery to proceed.  Defendants Szalczyk and Marino will need to participate in the discovery process in the FTCA case. Thus, we agree with the Plaintiff that staying discovery until the Motions to Dismiss are resolved would merely delay, rather than relieve, the burden on Defendants Szalczyk and Marino to participate in discovery.

### III. CONCLUSION.

The Federal Defendants' Motion For Protective Order is denied because participating in the discovery process will not unduly burden Defendants Szalczyk and Marino. The FTCA case against the United States will require the Federal Defendants to participate in discovery, regardless of Judge Gardner's decision on the pending Motions to Dismiss.

An appropriate Order follows.

---

[3]Quoted from *Iqbal*:

That promise provides especially cold comfort *in this pleading context*, where we are impelled to give real content to the concept of qualified immunity for high-level officials who must be neither deterred nor detracted from the vigorous performance of their duties. *Because respondent's complaint is deficient under Rule 8,* he is not entitled to discovery, cabined or otherwise.

*Seeds of Peace Collective*, No. 09-1275, 2010 WL 2990734, at *3 (quoting *Iqbal,* 129 S.Ct. at 1954)